United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-40448
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAGOBERTO MALDONADO, JR,
also known as Apache,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-600-1
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Dagoberto Maldonado, Jr., appeals from his bench-trial conviction and sentence for conspiring to launder monetary instruments and laundering monetary instruments. He first argues that the district court erred in denying his motion to suppress evidence obtained from the search of his home. He specifically challenges the district court's finding that his consent was an act of independent free will. After close examination of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

underlying facts, this court holds that the district court did not err in finding that Maldonado's consent was an act of independent free will.  See United States v. Kelley, 981 F.2d 1464, 1471-72 (5th Cir. 1993).

Maldonado argues that the district court erred by failing to decrease his sentence for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1.  As Maldonado has failed to show that the district court's denial of an adjustment for acceptance of responsibility was without foundation, that denial must be affirmed.  See United States v. Anderson, 174 F.3d 515, 525 (5th Cir. 1999).

Maldonado also argues that the district court's application of an upward adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, to his sentence was erroneous because the district court's findings that the adjustment was warranted by Maldonado's perjured testimony at the suppression hearing were insufficiently specific.  Close examination of the record shows that the district court made sufficiently specific findings regarding the adjustment for obstruction of justice.  See United States v. Storm, 36 F.3d 1289, 1295 (5th Cir. 1993).

Accordingly, the district court's judgment is AFFIRMED.